· [No. 11044. In Bank.—June 23, 1885.]

## THE PEOPLE, APPELLANT, *v.* WASHINGTON BART-LETT ET AL., RESPONDENTS.

NEW CITY HALL — SAN FRANCISCO — ACT OF MARCH 24, 1876 — CONSTITUTIONAL
· LAW — SPECIAL LEGISLATION. — The Act of March 24, 1876, providing for the completion of the building known as the New City Hall in the city and county. of San Francisco, is constitutional. The act is not an attempt by special legislation to deprive the supervisors of their discretion with respect. to a local` · . improvement.
ID. — NEW CITY HALL COMMISSIONERS — TERM OF COMMISSION. — Under this act the ' new city hall commission continues in existence until the amounts raised by taxation for the new city hall fund has been expended under contracts made by the commissioners.

·· APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The proceeding was in the nature of *quo warranto*, to oust the defendants from the office of new city hall commissioners of the city and county of San Francisco, and to compel them to turn over such building, and its management and control, to the board

of supervisors of the city and county of San Francisco. By the Act of April 4, 1870, the governor was authorized to and did appoint three persons as a board of commissioners for the erection and construction of a city hall in the city of San Francisco. Under this act the plans and specifications of the building were made and adopted, and its erection commenced. By an act approved March 30, 1874, this board was abolished, and the building turned over to the board of supervisors of the city and county. On the 24th of March, 1876, an act was passed constituting a board of new city hall commissioners, composed of the mayor, the city and county attorney, and the auditor of the city and county of San Francisco. Under the provisions of this act the defendants claim as the board of new city hall commissioners to hold possession of the new city hall, and to exercise the powers conferred thereby. The further facts are stated in the opinion of the court.

*Attorney-General Marshall, Cary, Sullivan & Sullivan,* and *Daniel Rogers,* for Appellant.

*John Lord Love,* and *John F. Swift,* for Respondents.

The COURT. — 1. The Act of March 24, 1876, "to provide for the completion of the building known as the New City Hall" (Stats. 1875–76, p. 461), is not subject to the objection that it is an attempt, by special legislation, to deprive the supervisors of all discretion with respect to a local improvement. In *People* v. *Lynch,* 51 Cal. 33, it was held that the ultimate determination, which shall conclude the tax-payers of a city with reference to a municipal improvement to be paid for by them, must be that of the appropriate local legislature. The statute before us leaves with the local legislature the power of deciding whether the work upon the new city hall shall or shall not proceed as therein provided. The eleventh section of the act reads: "In the event that the board of supervisors shall deem it expedient to continue the construction of the new city hall in the mode and manner prescribed in this act, they are hereby authorized and empowered to express such judgment, by resolution or order, in such form as they may deem proper." The plain intention of the law is not to impose upon the supervisors the duty of levying any tax

to be applied to the construction of the building, or to expenses connected therewith, unless they shall first "by resolution or order" determine to proceed under the act.

The complaint fails to allege that the board of supervisors did not "express their judgment," that it was expedient to continue the construction.

2. The complaint avers that the term of office of the city hall commissioners "under said pretended act of the legislature of March 24, 1876," expired on the 18th of January, 1883. In the points on file it is suggested that the office ceased to exist in July, 1881.

On the part of respondents it is claimed the commissioners must remain in office until the new city hall shall actually *be completed*. (§ 17, p. 466.) Appellants contend with much force that the words in the seventeenth section, "erected or completed as in this act provided," require that the building shall be considered as completed, within the meaning of the law, when the moneys raised under its provisions are employed in the manner by the statute directed. Conceding the last to be the correct interpretation the demurrer to the complaint was properly sustained.

Under the eleventh section of the Act of 1876 the supervisors were not empowered to levy or provide for the collection of any tax to complete said building after the expiration of the fiscal year 1880–81. Section 12 provides: "The commissioners in each fiscal year may make contracts and expend in the construction of said building, a sum equal to the estimated receipts of the fund during the current fiscal year, but no larger or greater sum." We do not understand it was the duty of the commissioners to make contracts or to expend (in anticipation) all the estimated receipts of the year, but that they were prohibited from contracting for the expenditure of more than such estimated receipts. Indeed the moneys actually collected for the new city hall fund in each of the four years for which the tax was levied may have been more than the estimate of the commissioners for each of the years. It seems clear that it was intended the new city hall commission should continue until the amounts raised by taxation for the new city hall fund should be expended under contracts made by the commissioners, and under

their directions, or that of the architect. The complaint does not show that there remain no moneys in the new city hall fund to be expended by the commissioners under the provisions of the Act of 1876, or that there remains no work uncompleted which was regularly contracted for by the commissioners.

Judgment affirmed.